UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-2(c)*

Ciardi Ciardi & Astin
Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire
Adrienne N. Roth, Esquire
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551

| | |
|---|---|
| In Re: | Case No.:    10-30427 (JHW) |
| Grove Street Realty Urban Renewal, L.L.C. | Chapter:    11 |
| Debtor. | |

## MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. §363 TO PERMIT: A) USE CASH COLLATERAL; B) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL; C) FOR AN EXPEDITED HEARING

Grove Street Realty Urban Renewal, L.L.C. (the "Debtor"), by and through its proposed counsel, Ciardi Ciardi & Astin, hereby requests authority to A) Use Cash Collateral; B) Provide Adequate Protection to Parties with Interest in Cash Collateral; and C) for an Expedited Hearing, and in support thereof avers as follows:

### BACKGROUND

1.    On July 1, 2010 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

3.      The Debtor is the owner of real property located at 370 Grove Street in the Township of West Deptford, County of Gloucester, State of New Jersey, commonly known as River Winds Cove Apartments.  Such land consists of improvements generally consisting of two buildings containing in the aggregate approximately 215,832 square feet of Class A residential apartment space, comprised of approximately 199 units, and having approximately 259 parking spaces (the "Residential Property").

4.      The Debtor is the owner of real property located at 196 and 204 Grove Avenue, West Deptford, New Jersey.  Such land consists of improvements generally consisting of two buildings split into nine (9) commercial units all of which are leased and occupied (the "Commercial Property").  At the current time, TD Bank is secured by a first mortgage on the Debtor's Commercial Property in the principal amount of $3,000,000.

5.      At the current time, GE Business Financial Services, Inc. (the "Bank") is owed approximately $31,390,752.15 from the Debtor secured by a first priority lien position on the Debtor's Residential Property as well as a negative stock pledge on the Debtor's Commercial Property.

6.      The Debtor has approximately 18 leases with third party tenants.

### THE RELIEF REQUESTED AND THE REASONS THEREFORE

7.      Section 363(c) of the Bankruptcy Code allows a debtor to use, sell or lease cash collateral if each entity that has an interest in cash collateral consents or the Court authorizes the use. See 11 U.S.C. § 363(c)(2).

8.      In anticipation of a disagreement regarding use of the rents, the Debtor has

prepared a budget (the "Budget")[1] for the month of July which demonstrates the Debtor's ability to maintain the real estate and provide adequate protection.

9.    The Debtor requires the rental income to fund continuing operations.

10.    The Debtor has equity in its properties which provides a cushion for the Bank.

11.    The continued use of cash collateral will allow the Debtor to continue to operate and propose a plan of reorganization.

12.    The Debtor avers that it will be able to fund a plan to pay pre-petition unsecured creditors by continuing to operate in this manner.

13.    The Debtor avers that the Bank and TD Bank are adequately secured by an equity cushion and an interest reserve as well as by a monthly adequate protection payment.

14.    The Debtor believes that the request to use cash collateral is proper, reasonable and necessary to continue the Debtor's operation.

15.    Approval of the Debtor's request to use cash collateral is in the best interest of the Debtor and creditors of the estate.

16.    The Debtor proposes to provide adequate protection in the form of a replacement lien to the extent the Bank has a lien pre-petition which is not subject to challenge and in the same extent, priority and validity as existed pre-petition.

17.    In order to maintain the Debtor's operation, Debtor requires the use of cash collateral for the payment of expenses as more specifically set forth in Budget. Through the payment of the above referenced expenses the Debtor will be able, not only

---

[1] A true and correct copy of the Budget is attached hereto as Exhibit "A".

to maintain the status quo, but also to facilitate its reorganization and enhance the collateral.

18.     Unless the Debtor can continue to operate, it will be unable to reorganize and enhance the collateral to the detriment of its creditors.

## REQUEST FOR EXPEDITED CONSIDERATION

19.     The Debtor requests expedited treatment in connection with the Motion because it requires the immediate use of rental income to fund ongoing operations at the Property.

20.     As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in this Chapter 11 case.  Notice of this Motion has been given via facsimile, or electronic mail to the United States Trustee, the Top 20 Unsecured Creditors and the Bank as well as TD Bank. The debtor submits that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtor, its estate and all parties in interest that would ensue if the relief requested herein is not granted.

21.     No previous request for the relief sought herein has been made to this or any other Court.

22.     Prior to filing this Motion, counsel for the Debtor contacted counsel for the Bank and the Office of the United States Trustee as well as TD Bank to advise them of the request for an expedited hearing and the relief requested therein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Date: 7/14/10

By:    */s/ Albert A. Ciardi*
        Albert A. Ciardi, III, Esquire
        Jennifer E. Cranston, Esquire
        One Commerce Square, Suite 1930
        2005 Market Street
        Philadelphia, PA 19103
        T (215) 557-3550
        F (215) 557-3551
        Counsel for the Debtor