UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE
Jeffrey M. Sponder, Esquire (JS 5127)
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 10-30427 (JHW) |
| Grove Street Realty Urban Renewal, LLC, | |
| | Honorable Judith H. Wizmur |
| Debtor. | |
| | Hearing Date: |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
DEBTOR'S APPLICATION FOR RETENTION OF PROFESSIONAL CIARDI
CIARDI & ASTIN AS ATTORNEYS FOR THE DEBTOR**

The United States Trustee ("UST"), by and through counsel, in furtherance of her duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby respectfully submits this Objection (the "Objection") to the above-captioned debtor's Application for Retention of Professional Ciardi Ciardi & Astin ("Ciardi") as counsel to the debtor (the "Application").  The grounds for this Objection are respectfully asserted as follows:

1.  Pursuant to 11 U.S.C. §586, the UST is obligated to oversee the administration of Chapter 11 cases.  Under 11 U.S.C. §307, the UST has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code.  Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C.

§307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

## BACKGROUND

2. On July 1, 2010 (the "Petition Date"), Grove Street Realty Urban Renewal, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code.

3. The UST has not appointed an unsecured creditors committee in this case.

4. On July 1, 2010, the Debtor filed the Application, which seeks the entry of an order authorizing the retention of Ciardi as counsel for the Debtor.

5. The Application was filed with the Certification of Professional in Support of Application for Retention of Professional (the "Ciardi Certification"). Pursuant to the Ciardi Certification, certain principals of the Debtor advanced $10,000.00 to Ciardi as a retainer. In addition, the Ciardi Certification sets forth that certain principals of the Debtor will provide a post-petition retainer in the amount of $15,000.00 within 30 days of the Petition Date.

## ARGUMENT

6. Section 327(a) of the Bankruptcy Code only allows the debtor in possession to employ professional persons that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." One court has described Section 327(a) as "a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993).

7. Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a). *See In re*

*BH&P Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional that holds or represents an adverse interest is *per se* disqualified, and a professional that does not hold or represent an adverse interest is nevertheless disqualified unless it falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14). *See, e.g., United States Trustee v. Price Waterhouse*, 19 F.3d at 141 (disqualified because not disinterested); *Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 972 (6th Cir. 1993) (can lack disinterestedness without having adverse interest).

    8. Under the clear language of 11 U.S.C. 327(a) of the Bankruptcy Code (the "Code"), any professional employed by a debtor-in-possession must be "disinterested" and neither hold nor represent an interest adverse to the estate. Code § 101(14), in turn, defines "disinterested person" as a person who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

    9. Professionals for a bankruptcy estate must be committed to protecting the estate's interests and be free of the "interests of any other person" so that their "basic judgment and responsibility to the estate" is not affected. *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 337 (E.D. Pa. 1982). A professional "should not place himself in a position where he may be required to choose between conflicting interests or duties." *Id.; See, e.g., In re 765 Assocs.*, 14 B.R. 449, 451 (Bankr. D. Hawaii 1981) ("An attorney should not place himself in a position where he may be required to choose between conflicting duties.").

    10. Code §101(14)(C), referred to as the "catch-all clause," has been characterized as "broad enough to include anyone who in the slightest degree might have some interest or

relationship that would distract from the independent and impartial attitude which is required by the [Bankruptcy] Code." *In re Glenn Elec. Sales Corp.,* 89 B.R. 410, 413 (Bankr. D.N.J.), *aff'd*, 99 B.R. 596 (D.N.J. 1988); *See also, In re Black Hills Greyhound Racing Ass'n*, 154 B.R. 285, 292 (Bankr. D.S.D. 1993).

11. Although not defined in the Bankruptcy Code, "adverse interest" has been interpreted in this District to mean:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankrupt estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
>
> (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re Glenn Elec. Sales Corp.*, 89 B.R. at 413 (quoting *In re Star Broadcasting,* Inc., 81 B.R. 835, 838 (Bankr. D.N.J. 1988)).

12. The Third Circuit in *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3rd Cir. 1998) determined that the District Court applied the wrong legal standard in disqualifying trustee's counsel under Code §'s 327(a) and 101(14)(E). The Third Circuit held that,

> (1) Section 327(a), as well as Section 327(c), imposes a per se disqualification as trustee's counsel of any attorney who has an actual conflict of interest; (2) the district court may within its discretion — pursuant to Section 327(a) and consistent with Section 327(c) — disqualify an attorney who has a potential conflict of interest and (3) the district court may not disqualify an attorney on the appearance of conflict alone.

*Id.* at 476. Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a). *See In re BH&P Inc.*, 949 F2d.1300, 1314 (3rd Cir 1991)(Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional who holds or represents an adverse interest is *per*

*se* disqualified, and a professional who does not hold or represent an adverse interest is nevertheless disqualified unless he or she falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14) ("Section 101(14)").  *See, e.g.*, *United States Trustee v. Price Waterhouse*, 19 F.3d at 141 (disqualified because not disinterested).

13.  Here, as set forth above, the Application proposes to retain Ciardi as counsel to the Debtor, but Ciardi will be paid by certain principals of the Debtor as capital contributions.

14.  The payment of professional fees by a non-debtor is always cause for close scrutiny. Counsel to the bankruptcy estate must be free from compromising influences and loyalties, so that independent professional judgment can be freely exercised.  *See, In re 765 Assocs.,* 14 B.R. at 450.  The District Court for the District of New Jersey has found that, in certain circumstances, where debtor's counsel's retainer is to be paid by certain non-debtor third parties in a case, such payment can render counsel not disinterested.  *See, In re Glenn Elec. Sales Corp.*, 99 B.R. 596 (D.N.J. 1988).  Here, it is unclear whether the payment of the Debtor's retainer by certain of the Debtor's principals renders Ciardi not disinterested.

15.  Additionally, the Application and Ciardi Certification set forth that certain principals of the Debtor will fund a $15,000.00 post-petition retainer.  No information is provided as to why such a proposed post-petition retainer would be appropriate.  Several factors for consideration in the context of a proposed post-petition retainer were spelled-out in *In re Jefferson Bus. Ctr. Assocs.*, 135 B.R. 676. 680 (Bankr. D. Colo. 1992), which include, but are not necessarily limited to:

> (1) the retainer's economic impact on the debtor's ongoing
>     business operation;
> (2) the retainer's economic impact on the ability of the debtor to
>     reorganize;
> (3) the amount and reasonableness of the retainer;
> (4) the reputation of debtor's counsel; and

>    (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should this Court determine that the fees paid to counsel are not justified.

"[A]n applicant who requests a post-petition retainer or some other payment procedure, should demonstrate in its application papers that the *Jefferson* factors have been met." *In re Mac and Maryse Troung*, 259 B.R. 264, 268-69 (Bankr. D.N.J. 2001). No such demonstration is made in any of the pending Applications for any post-petition retainer. As presented, the proposed post-petition retainer can not be approved.

## **CONCLUSION**

WHEREFORE, in light of the foregoing, the United States Trustee respectfully asserts that the Application must be denied, and respectfully requests that this Court grant such further relief as is just and appropriate.

>    Respectfully submitted,
>    ROBERTA A. DeANGELIS
>    UNITED STATES TRUSTEE
>
>    By:    /s/ Jeffrey M. Sponder
>          Jeffrey M. Sponder
>          Trial Attorney

Dated: July 20, 2010