Law Offices of Scott H. Marcus & Associates
By:  Carrie J. Boyle, Esquire
121 Johnson Road
Turnersville, NJ 08012
(856) 227-0800
(856) 227-7939 fax
cboyle@marcuslaw.net
*Attorneys for Jeff and Susan Mast*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>GROVE STREET REALTY URBAN<br><br>RENEWAL, LLC,<br><br>                  Debtor. | Chapter 11<br><br><br>Case No. 10-30427 (JHW) |

**OBJECTION OF JEFF MAST AND SUSAN MAST TO THE DISCLOSURE
STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE
DESCRIBING THE CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY
<u>GROVE STREET REALTY URBAN RENEWAL, LLC</u>**

Jeff Mast and Susan Mast (the "Masts"), are members of Grove Street Realty Urban

Renewal, LLC (the "Debtor" or "Debtor LLC," both terms used interchangeably) and are equity

shareholders in Debtor LLC.  The Masts, by and through their undersigned counsel, respectfully

object to the Disclosure Statement (the "Disclosure Statement") describing the Chapter 11 Plan

of Reorganization, and in support thereof state and aver as follows:

1

## FACTUAL BACKGROUND

1.     On or about September 30, 2005, Debtor, via its alleged Managing Member Thomas Hedenberg ("Hedenberg") accepted $150,000 from the Masts as a Capital Contribution investment in Debtor.

2.     In return, the Masts acquired a 1.999 percent membership interest in Debtor, with corresponding voting rights.

3.     On or about September 30, 2005, Debtor and Masts executed an Operating Agreement for Grove Street Realty Urban Renewal, LLC ("OA") (attached hereto as "Exhibit A").

4.     This OA sets forth the members of the Debtor LLC and their corresponding membership interests (attached hereto as "Exhibit A-1").

   a.  As Exhibit A-1 will show, the Masts are two (2) of eight (8) total members of the Debtor LLC and at least four (4) of the other members are similarly situated minority interest holders.

5.     On or about January 1, 2006, a Restated Operating Agreement ("ROA") was published by Hedenberg (attached hereto as "Exhibit B").

6.     Although the Masts and the other minority interest holders are named in the ROA as a new category of "Class B Members," and are allegedly subject to its terms and conditions, the Masts never signed the ROA and they question whether they even ever saw it before.

7.     The ROA sets forth that Hedenberg owns 40 "Class A Units."

8.     The ROA sets forth that the Masts contributed $150,000 and own 2.0 "Class B Units."

2

9.    A basic syllogism proves that "Units" are the same as a membership interest (see above item 2).

  a.  If a $150,000 investment is a 1.999 (for argument's sake 2.0) membership interest; and

  b.  2.0 Class B Units is a $150,000 investment; then,

  c.  Membership interest and Unit are synonymous.

10.   According to the OA, the Masts were to receive "guaranteed" quarterly distributions (See attached "Exhibit C").

11.   According to the ROA, which is dated less than four (4) months after the OA, member's will only receive a distribution, "if and to the extent determined by the Manager to be available for distribution, to the Members in each year" (See p. 16 of Exhibit B, the ROA).

12.   The timing of distributions became irregular and infrequent, and in the second quarter of 2009, the distributions and all financial reporting to the Masts ceased completely.

13.   Unbeknownst to the Masts, the subject Chapter 11 Bankruptcy was filed on July 1, 2010 ("Petition Date"), with a corporate resolution attached to the filing that authorized Hedenberg to file a Bankruptcy on behalf of the LLC, which corporate resolution was solely executed by Hedenberg (a 40% interest holder in Debtor), without Notice or a meeting.

14.   Hedenberg set forth in an email to Jeff Mast, dated July 29, 2010, that there is a "substantial amount of real equity in our investment property between $6,000,000 and $7,000,000" (see attached "Exhibit D").

15.   On or about Oct. 1, 2010, Debtor filed its Plan of Reorganization and accompanying Disclosure Statement.

## OBJECTION

I.  **The Disclosure Statement Should Not be Approved Because It Violates 11 U.S.C. §§1129(b)(2)(B) and (C)**

16.  As an equity security/interest holder in Debtor, the Masts have standing to file this Objection pursuant to 11 U.S.C. §1109(b) and The Masts incorporate the above referenced paragraphs as if set forth herein verbatim.

17.  11. U.S.C. §1129(b)(2), also referred to as the Absolute Priority Rule, sets forth that "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property,..."

18.  The Disclosure Statement details the treatment of five (5) Classes of Claims and one (1) class of general interest holders in the Debtor LLC (pp. 7-11), of which the Masts (the Objecting Parties) fall into Class 6: Interest Holders.

19.  Class 5 claims are the Unsecured Claims, which Claimants are listed on Debtor's Schedule F to its voluntary Chapter 11 Bankruptcy Petition.

20.  Schedule F lists one creditor as: "Personal Loans to Partnerships."

21.  Also, Hedenberg sets forth that he made personal loans to the Debtor in his email to Jeff Mast that is attached as Exhibit D.

22.  The Disclosure Statement sets forth that "Debtor intends to pay ten percent (10%) of all Allowed Unsecured Claims," the Class 5 claims of which Hedenberg has personally included himself among (p. 10).

23.  As to the Class 6 Interest Holders, The Disclosure Statement sets forth that: "The rights afforded in the Plan and the treatment of all Claims and Equity Interests in the Plan shall

4

be in exchange for and in complete satisfaction, discharge, and release of Claims and Equity

Interests of any nature whatsoever,…" (p. 20, item B.).

24.     According to the distributions outlined in the Disclosure Statement, Tom

Hedenberg (as an Interest Holder in the LLC and an alleged Unsecured Creditor) has arranged

for a distribution to himself while the other Interest Holders will likely have their interests

discharged by way of confirmation of the plan.

WHEREFORE, for the reasons set forth herein above, the Masts respectfully request that

the Court enter an Order denying approval of the Debtor's Disclosure Statement since the

Disclosure Statement is in violation of 11 U.S.C. §§1129(b)(2)(B) and (C).

## II.     The Disclosure Statement Should Not be Approved Because It Violates Bankruptcy Rule 1007(a)(3).

25.     The Masts incorporate the above referenced paragraphs as if set forth herein

verbatim.

26.     The Debtor's Disclosure Statement, which is a reflection of the Creditors and

Equity Security Holders allegedly "disclosed" in the Plan and allegedly appropriately scheduled

in the Petition, should not be approved because it does not set forth the equity interest holders in

Debtor LLC, which interest holders are correspondingly not set forth in the proposed Plan, nor

are they listed on the Petition in accordance with Rule 1007(a)(3), causing these interest holders

to not received notice or the opportunity to file the corresponding Proof of Interest.

27.     On the appropriate form to the Petition titled "List of Equity Security Holders,"

the Debtor only states to "See Attachment to SOFA #21" (SOFA 21: Current Partners, Officers,

Directors and Shareholders).  Then, under SOFA #21, it further refers to an attachment to SOFA

with a list of investors. This is a way that Debtor is able to avoid Notice of the current Chapter

11 Bankruptcy being sent to the Equity Security Holders, the Masts being among this group.

WHEREFORE, for the reasons set forth herein above, the Masts respectfully request that

the Court enter an Order denying approval of the Debtor's Disclosure Statement since the

Disclosure Statement is in violation of Bankruptcy Rule 1007(a)(3).

### III.   The Disclosure Statement Should Not be Approved Because It Violates 11 U.S.C. §1129(a)(3).

28.     The Masts incorporate the above referenced paragraphs as if set forth herein
verbatim.

29.     The Disclosure Statement should not be approved because it violates 11. U.S.C.

§1129(a)(3) as the Disclosure Statement and corresponding Plan were not proposed in good

faith.

30.     According to the Disclosure Statement, the Interest Holders are not even afforded

the opportunity to vote on the Plan, as the Disclosure Statement sets forth that, "a vote will only

be counted if submitted by a creditor whose claim is duly scheduled by the Debtor…" (p. 4).

The names and interests of the Equity Interest Holders are not "scheduled" or mentioned

anywhere in the Disclosure Statement, the Plan, or anywhere on the Petition that would facilitate

notice to the Equity Interest Holders of their rights under the Federal Bankruptcy Code.

31.     Furthermore, the Disclosure Statement and proposed Plan set forth that the

interests of the equity interest holders will likely be discharged following confirmation of the

Plan (see Disclosure Statement p. 20, item B and Plan p. 15, item 14.3).

32.     The interests of the Equity Interest Holders and their rights to receive notice of the

filing of the Petition, to vote on the Plan, and to have any opportunity to oppose the attempted

discharge of all of their interests in Debtor were not provided for in the Disclosure Statement or the proposed Plan.

33.    Finally, there was not an authorized corporate resolution that would allow only Hedenberg to file a Chapter 11 Bankruptcy Petition on behalf of the Debtor LLC (filed corporate resolution attached as "Exhibit E").

    a.  The ROA specifically states that: "the Manager shall not undertake any of the following on behalf of the Company without the consent of a Majority in Interest:  Filing a voluntary petition in bankruptcy" (ROA p. 23 attached as "Exhibit F").

    b.  The ROA specifically states that Hedenberg has a 40% interest in the Debtor (ROA p. 5 attached as "Exhibit G").

    c.  A 40% interest does not constitute a "Majority in Interest" as the ROA mandates for the filing of a voluntary petition in bankrupty.

    d.  To the Mast knowledge and belief, there was no Notice provided or meeting held to vote on authorization to file the current Chapter 11 Bankruptcy.

34.    The Masts had no prior knowledge of the filing of the Debtor's Chapter 11 Petition until several weeks after it was filed, and now they are not given any opportunity to claim or represent their interest in the Debtor as to this Chapter 11 filing.

WHEREFORE, for the reasons set forth herein above, the Masts respectfully request that

the Court enter an Order denying approval of the Debtor's Disclosure Statement since the

Disclosure Statement is in violation of 11 U.S.C. §§1129(a)(3).

Respectfully submitted,

Dated:                              By: _____
                                         Carrie J. Boyle, Esq.
                                         Law Offices of Scott H. Marcus & Associates
                                         121 Johnson Rd.
                                         Turnersville, NJ 08012
                                         (856) 227-0800
                                         *Counsel for the Masts,*
                                         *Equity Interest Holders in Debtor*

8

11/13/2010  19:56    8565823740                    JAREL                                      PAGE  01

Case 10-30427-JHW    Doc 71    Filed 12/09/10    Entered 12/09/10 17:28:10    Desc Main
12/09/2010  14:52        Scott H. Marcus
                              Document        Page 9 of 9    (FAX) 856 227 7939    P.002/002

Law Offices of Scott H. Marcus & Associ es
By: Carrie J. Boyle, Esquire
121 Johnson Road
Turnersville, NJ 08012
(856) 227-0800
(856) 227-7939 fax
cboyle@marcuslaw.net
*Attorneys for Jeff and Susan Mast*

IN THE UNITED ST TES BANKRUPTCY COURT
FOR THE DIS' RICT OF NEW JERSEY

In Re:

GROVE STREET REALTY URBAN

RENEWAL, LLC,

                    Debtor.

Chapter 11

Case No. 10-30427 (JHW)

**CERTIFICATION IN SUPPORT )F OBJECTION TO THE DISCLOSURE
STATEMENT DESCRIBING THE ( HAPTER 11 PLAN OF REORGANIZATION
PROPOSED BY GROVE STRI :T REALTY URBAN RENEWAL, LLC**

Jeff Mast and Susan Mast do hereby :ertify:

1. They are parties in interest to the ab¹ ve referenced action as they are equity interest

   holders in Debtor.

2. They have reviewed the aforementic ed Objection to the Disclosure Statement and

   certify that all of the information sta¹ d therein is truthful and accurate to the best of their

   knowledge and belief, and that they ; e aware that they are subject to the penalty of

   perjury for any intentionally false inf rmation.

By: _____          By: _____
    Jeffrey Mast                          Susan Mast
                                      12-9-10

    12-9-10

1