Order Filed on
2/28/2011
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004-2(c)*<br><br>Ciardi Ciardi & Astin<br>Albert A. Ciardi, III, Esquire<br>Jennifer E. Cranston, Esquire<br>One Commerce Square<br>2005 Market Street, Suite 1930<br>Philadelphia, PA 19103<br>Telephone: (215) 557-3550<br>Facsimile: (215) 557-3551 | |
| In Re:<br><br>  Grove Street Realty Urban Renewal, L.L.C.<br><br>                Debtor. | Case No.:    10-30427 (JHW)<br>Judge:        _____<br>Chapter:            11 |

## SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

The following relief set forth on pages two (2) through ten (10) is hereby **ORDERED.**

**DATED: 2/28/2011**

_____
Judith H. Wizmur, Chief Judge
United States Bankruptcy Court

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 2

---

This matter is before the Court on the motion of Grove Street Realty Urban Renewal, L.L.C. (the "Debtor") for authority to use cash collateral on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. § 363(c)(2)(B). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to the (1) the Office of the United States Trustee, (2) the Debtor's secured creditors, and (3) Counsel for the Official Committee of Unsecured Creditors. The Court considered the motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. **Notice and Hearing**. Notice of the motion and order shortening time pursuant to D.N.J. LBR 9013-1(e) and Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary hearing on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), or if by Consent, under Federal Rule of Bankruptcy Procedure 4001(d) which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B. **Chapter 11 Filed**. Debtor filed its petition under Chapter 11 of the United States Code, as amended (the "Bankruptcy Code") on July 1, 2010 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. The Debtor's bankruptcy case involves "single asset real estate" within the meaning of § 101(52) of the Bankruptcy Code.

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 3

---

    C.    **Pre-Petition Debt**.

    1)    GE Business Financial Services, Inc. ("GEBFS") has a secured claim against the Debtor in the approximate principal amount of $31,390,752.15 (the "Pre-Petition Debt") as of the Petition Date. GEBFS holds a valid and subsisting first lien and security interest in certain real property located at 370 Grove Street in the Township of West Deptford, County of Gloucester, State of New Jersey (the "Residential Property").

    2)    TD Bank, N.A. has a secured claim related to that certain Mortgage and Security Agreement dated July 28, 2009 in the principal amount of $3,000,000 and thus has a valid and subsisting first lien and security interest in certain real property located at 196 and 204 Grove Avenue, West Deptford, New Jersey (the "Commercial Property").

    3)    The Debtor has acknowledged and agreed that the Commercial Property secures the Debtor's indebtedness, in the principal amount of $3,000,000 together with accrued interest, fees and costs, which indebtedness is not subject to defense, offset or counterclaim of any kind or nature and that said debt is an allowed, secured claim under Sections 506(a) and 502 of the Bankruptcy Code. The Debtor has acknowledged and agreed that the Residential Property secures the Debtor's indebtedness, in the principal amount of $31,390,752,15 together with accrued interest, fees and costs, which indebtedness is not subject to defense, offset or counterclaim of any kind or nature and that said debt is an allowed, secured claim under Sections 506(a) and 502 of the Bankruptcy Code.

    4.    GEBFS and TD Bank North, N.A. are hereinafter collectively referred to as the "Secured Creditors."

*Approved by Judge Judith H. Wizmur February 28, 2011*

Case 10-30427-JHW    Doc 101    Filed 02/28/11    Entered 03/01/11 13:48:48    Desc Main
Document    Page 4 of 9

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 4

D.  **Cash Collateral**.  "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Sections 9-102 and 9-315.

E.  **Necessity and Best Interest**.  The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11.  The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization.  Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.  The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as Exhibit A, for the time period from February 28, 2011 through April 30, 2011, 2011. (the "Cash Collateral Budget").

G.  **Purposes**.  The Debtor is authorized to use cash collateral in strict accordance with the Cash Collateral Budget to meet the ordinary cash needs of the Debtor (and for such other purposes as may be approved in writing by GEBFS with respect to the use of funds from the Residential Property) for the payment of actual expenses of the Debtor necessary to (a) maintain and preserve its assets, and (b) continue operation of its business, including payroll and payroll taxes, and insurance expenses all as reflected in the Cash Collateral Budget.

Case 10-30427-JHW    Doc 101    Filed 02/28/11    Entered 03/01/11 13:48:48    Desc Main
Document      Page 5 of 9

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 5

The Court having been informed that there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code, and for good cause shown,

IT IS on this _____ day of March, 2011,

ORDERED as follows:

1. **Use of Cash Collateral**. Each Secured Creditor consents and the Debtor is authorized, through April 30, 2011, solely in accordance with the Cash Collateral Budget attached hereto as Exhibit A, to use cash collateral in accordance to the Cash Collateral Budget.

2. **Adequate Protection**. As adequate protection for use of cash collateral, the Secured Creditors, as their interests may appear, are GRANTED.

    a. **Replacement Lien**. To the extent a Secured Creditor's cash collateral is used by the Debtor, the respective Secured Creditor is granted a replacement perfected security interest under Section 361(2) of the Bankruptcy Code in the Debtor's post-petition collateral, and proceeds thereof, to the same extent and with the same priority that the Secured Creditor held a lien in the Debtor's pre-petition collateral, subject to payments due under 28 U.S.C. § 1930(a)(6).

    b. **Statutory Rights Under Section 507(b)**. To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interests in and to the cash collateral, the Secured Creditor shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any

Case 10-30427-JHW    Doc 101    Filed 02/28/11    Entered 03/01/11 13:48:48    Desc Main
Document    Page 6 of 9

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 6

superseding proceeding, subject to payments due under 28 U.S.C. § 1930(a)(6) and except causes of action under Sections 510, 542, 543, 544, 546, 547, 548, 549 or 553 of the Bankruptcy Code.

      c.    **Deemed Perfected**.  The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditors taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by the Secured Creditors, Debtor shall execute and deliver to the Secured Creditors any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and the Secured Creditors are authorized to receive, file and record the foregoing at the Secured Creditors' own expense, which actions shall not be deemed a violation of the automatic stay.

      d.    **Periodic Accountings**.  Within fifteen (15) days of the entry of this Order, the Debtor shall provide bi-weekly periodic accountings to the Secured Creditors, Committee and the office of the United States Trustee setting forth the cash receipts and disbursements made by the Debtor under this Order.  In addition, the Debtor shall provide the Secured Creditors, Committee and the office of the United States Trustee all other reports required by the prepetition loan documents and any other reports reasonably required by the Secured Creditors as well as copies of the Debtor's monthly operating reports.

      e.    **Default Hearing**.  In the event Debtor defaults or violates this Order, a Secured Creditor is entitled to request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

Case 10-30427-JHW    Doc 101    Filed 02/28/11    Entered 03/01/11 13:48:48    Desc Main
Document    Page 7 of 9

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 7

    f.  **Interest Payments**. As provided for in the Cash Collateral Budget, the Debtor shall pay interest to the Secured Creditors (at the non-default rate of interest) upon the terms and as set forth in the documents evidencing the Pre-Petition Debt.

    g.  The liens granted to the Secured Creditors under this Order are subject to payments due to the United States Trustee under 28 U.S.C. § 1930(a)(6).

3.  **Creditor's Rights of Inspection and Audit**. Upon reasonable notice by the Secured Creditors or Committee, Debtor shall permit such creditor and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtor's cash receipts and disbursements.

4.  **Miscellaneous Provisions.**

    a.  Long Term Tax Exemption. On or about September 30, 2007, the Township of West Deptford (the "Township"), a municipal Corporation of the County of Gloucester, the State of New Jersey, acting as a Redevelopment Agency and the Debtor entered into a Financial Agreement memorializing the Debtor's qualification under the Long Term Tax Exemption Law, as amended and supplemented, N.J.S.A. 40A:20-1 et. seq., (the "Agreement") whereby the Debtor agreed to a fixed schedule of PILOT payments beginning in the year in which the Date of Completion of Improvements has occurred. The Debtor sought a deferment of the payments under the Agreement from the Township. If a payment under the Agreement is ultimately determined to be due during the term of this Order, the Debtor will ensure that sufficient funds are available to fulfill its obligations under the Agreement on or before the payment is due, including but limited to making a capital call upon its members as necessary.

Case 10-30427-JHW    Doc 101    Filed 02/28/11    Entered 03/01/11 13:48:48    Desc Main
Document    Page 8 of 9

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 8

b.  **Management Agreement.**  The Management Agreement between Debtor and Park Place Realty is executory and has not been assumed/rejected.  The Cash Collateral Budget (with respect to the Residential Property) contains various line items expenses which may be inconsistent with the terms of the Management Agreement.  The Debtor, Park Place Realty, GEBFS and the Committee reserve their respective rights with respect to appropriate amounts due under the Management Agreement.  Park Place Realty shall continue to provide employees required under the Management Agreement to aid in the leasing efforts of the Debtor without compensation above the amounts already provided in the Cash Collateral Budget.

c.  **Reservation of Rights.**  Both the Debtor, TD Bank and the Committee reserve their rights with respect to whether commercial rents received are property of the estate as set forth on the record.

5.  **Interlocutory Order and No Modification of Creditor's Adequate Protection**.  This is an interlocutory order.  Nothing contained herein shall be deemed or construed to (a) limit the Secured Creditors to the relief granted herein: (b) bar the Secured Creditors from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same:  or (c) require the Secured Creditors make any further loans or advances to the Debtor.  The Order may be modified for cause shown by the Debtor, the Secured Creditors or any other party-in-interest on due notice.  No such modification, however, shall deprive the Secured Creditor of its interest in Debtor's property (pre-petition and post-petition).

**FURTHER INTERIM HEARING ORDER**

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN

*Approved by Judge Judith H. Wizmur February  28, 2011*

RE: GROVE STREET REALTY URBAN RENEWAL, LLC
CASE NO. 10-30427(JHW)
SEVENTH INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
PAGE 9

That any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the _21___ day of April, 2011, at 4:00PM, a written objection and shall appear to advocate said objection at a Further Interim Hearing to be held at _10 am_____ on the __28th___ day of April, 2011 in Courtroom 4B of the United States Bankruptcy Court, Camden, New Jersey.  In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

### **NOTICE ORDER**

IT IS FURTHER ORDERED that the Debtor serve a copy of this Order and Notice by first class mail, facsimile or electronic mail within one (1) business day from the date hereof, on (1) the office of the United States Trustee, (2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation, (4) all known secured creditors and (5) counsel to the Creditors' Committee. Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

*Approved by Judge Judith H. Wizmur February  28, 2011*